(No. 1046—Claimant awarded $411.95.)

EDGAR C. GUPPY, Claimant, *vs*. STATE OF ILLINOIS, Respondent.

*Opinion filed April 29, 1927.*

RESPONDEAT SUPERIOR—*State not liable for injuries sustained by its employees.* The State is not liable for injuries sustained by its employees while in the performance of their duty.

SOCIAL JUSTICE AND EQUITY—*award may be made.* Although the State is not liable for injuries sustained by its employees in the discharge of their duty, the court may enter an award in his favor as a matter of social justice and equity.

SCHOLES, O'CONNOR & DOUGHERTY, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This case comes before the Court of Claims on a declaration filed by Edgar C. Guppy, claimant, on account of personal injuries sustained on January 13, 1925, when he was in the employ of the State of Illinois in the capacity of a truck driver, attached to the Peoria State Hospital for the Insane at Bartonville, Illinois; that at the time of the injury he was in

such employment and working under the orders and directions of the chief engineer of said Peoria State hospital, who was also the supervisor of the transportation facilities of said institution; that he was repairing, or attempting to repair, the truck which he had been driving; that in order to do such repairing it was necessary to drive a nail in one of the staves of said truck, and while in the act of driving said nail, the nail flew off and struck claimant in the left eye, piercing the eyeball; that because of said injury the sight of the left eye has been greatly impaired; that necessary hospital and doctor bills incurred in the treatment of said injury amounted to the sum of $136.95. There is a discrepancy in the testimony of two physicians as to the percentage of loss of sight to the said left eye, one doctor testifying that there is a 30% loss, and another that there is an 80% loss. The testimony shows that claimant was earning $45.00 per month and his board and room.

While there is no legal liability on the part of the State to compensate claimant on account of the injury in question, we believe that equity will be done by rendering an award to claimant, and we accordingly do award claimant the sum of $136.95, necessary hospital and doctor bills, and the further sum of $275.00, figuring a 50% loss of sight to the left eye, and making the award under the provisions of the Workmen's Compensation Act of the State of Illinois, total award, $411.95.